## SCOTT *v.* CENTRAL PARK, N. & E. R. RY. CO.

*(Supreme Court, General Term, First Department. January 13, 1891.)*

DECISION ON APPEAL—PROCEEDINGS BELOW—LAW OF THE CASE.

On appeal from a judgment for plaintiff on a verdict for damages, the judgment was reversed, and a new trial ordered, for error in refusing a request for an instruction, the court holding that, but for such error, the verdict should not be disturbed. *Held* that, on the new trial, the evidence being substantially the same, a request for an instruction that the damages should be no more than nominal was properly refused.

Appeal from circuit court, New York county.

Action by Albert Scott against the Central Park, North & East River Railway Company, to recover damages for an assault on plaintiff by one of defendant's drivers. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. For report of decision on former appeal, see 6 N. Y. Supp. 382.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Vanderpoel, Cuming & Gordon,* (*Charles V. Yates,* of counsel,) for appellant. *Hyland & Zabriskie,* for respondent.

DANIELS, J. This action was previously before this general term, on an appeal from another judgment recovered on a verdict for $500, which is the amount of the second verdict. The facts do not appear to have been changed, by the evidence now before the court, from what the evidence before tended to prove them; but because of what was then considered an improper ruling by the court at the trial, the first judgment was reversed, and a new trial ordered. The case as it was then considered and determined is reported in 6

N. Y. Supp. 382. As it is now presented there is no ruling on any legal point that can now be made the subject of complaint. The court was asked to instruct the jury that the damages should be no more than nominal. But that could not be done under the opinion adopted by the majority of the general term, when the new trial was ordered; for it was thereby held that the verdict could not be disturbed were it not for the denial of the instruction requested, if the evidence of the plaintiff was true, which was for the jury to decide.

As a general proposition, the directly conflicting testimony of parties ought to be controlled by that of a reputable, intelligent, and disinterested witness. And there was such a witness who heard and saw what took place between the driver, whose act is complained of, and the plaintiff. Safety in the administration of the law would be most certainly promoted by requiring that evidence to be followed by the jury, when the testimony of the parties themselves is such as to neutralize that of each other. The evidence given by the other witness was such as, if that should be followed, would not sustain so large a verdict as the jury has rendered, but would require another trial of the action to be had. But under what was said in the preceding disposition of this case, that cannot now be had. While the plaintiff probably provoked the injury of which he has complained, as the case was for the jury the result of their deliberations must be allowed to stand. The judgment and order should therefore be affirmed. All concur.